UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------
NADEZDA ASHAEVA,

                Plaintiff,

      vs.

ENCORE CAPITAL GROUP, INC.,
& MIDLAND CREDIT MANAGEMENT, INC.

                Defendants.
-----------------------------------------------------------------

Civil Action No.: CV 13 01389 KUNTZ, J. AZRACK, M.J.

COMPLAINT

DEMAND FOR JURY TRIAL

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ MAR 15 2013 ★
BROOKLYN OFFICE

Plaintiff NADEZDA ASHAEVA ("Plaintiff"), by and through her attorneys, LAW OFFICES OF ALLISON POLESKY, P.C., as and for her Complaint against the Defendants ENCORE CAPITAL GROUP, INC. & MIDLAND CREDIT MANAGEMENT, INC. ("Defendants" and/or "ENCORE ENTITIES"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION

1. Plaintiff brings this action on her own behalf for monetary damages arising from the Defendants' violation(s) of §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

## PARTIES

2. Plaintiff is a resident of the State of New York residing in Brooklyn, NY.

3. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

4. Defendant ENCORE CAPITAL GROUP, INC. is a California business entity engaged in business of collecting debts with its principal place of business located at 8875 Aero

Drive, San Diego, CA 92123.

5. Defendant MIDLAND CREDIT MANAGEMENT, INC. is a California business entity engaged in business of collecting debts with its principal place of business located at 8875 Aero Drive, San Diego, CA 92123.

6. Defendants are "debt collectors" as the phrase is defined and used in the FDCPA under 15 U.S.C. §1692a(6).

## JURISDICTION AND VENUE

7. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331, as well as 15 U.S.C. §1692 *et seq.* and 28 U.S.C. §2201.

8. The Court has supplemental jurisdiction over any state, local and common law claims in this action pursuant to 28 U.S.C. §1367(a).

9. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1) and (2).

## FACTUAL ALLEGATIONS

10. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "9" herein with the same force and effect as if the same were set forth at length herein.

11. On information and belief, on a date better known to the Defendant, T-MOBILE, either directly or through intermediate transactions assigned, placed, transferred, or sold a debt to the ENCORE ENTITIES for collection ("the alleged debt").

12. The alleged debt is a "debt" as defined by 15 U.S.C. §1692a(5).

13. The alleged debt arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

14. On information and belief, at some time during the past one year prior to the filing of this action, Defendants began its attempts at collecting the alleged debt from Plaintiff.

15. At the time the alleged T-MOBILE account was opened, Plaintiff was on temporary visa in the United States.

16. Plaintiff advised the salesperson for T-MOBILE of her situation and that she was only in the United States on temporary visa for three (3) months.

17. T-MOBILE represented to Plaintiff that she was not signing and would not be under a contract with T-MOBILE.

18. Three (3) months later, Plaintiff left the United States as planned and as previously explained to T-MOBILE.

19. On or about July 6, 2012, Defendants caused a collection or "dunning" letter dated July 6, 2012 to be sent to Plaintiff via U.S. mail ("July letter").

20. The July letter is a "communication" as defined by 15 U.S.C. §1692a(2).

21. The July letter contains a box entitled "Benefits of Paying!"

22. The July letter states "We will stop applying interest to your account as soon as you make your first payment" and claims this is one of the "Benefits of Paying!"

23. Defendants assertions regarding interest and other accruing fees and charges is false and therefore deceptive and misleading.

24. Defendants are not applying interest to the alleged debt.

25. On or about February 12, 2013, Plaintiff and Defendants spoke on the telephone.

26. Plaintiff spoke with Defendants authorized agent and debt collector that identified himself as "Josh Dales".

27. Defendants failed to disclose to Plaintiff their identity as a "debt collector".

28. Defendants failed to disclose to Plaintiff their identity as a "debt collector" and further failed to provide the required "mini-Miranda" warning.

29. Due to misrepresentations made by T-MOBILE to Plaintiff, Plaintiff was unaware she remained allegedly indebted to T-MOBILE on the alleged debt.

30. Defendants demanded an amount due of "$510.95" and offered a settlement of "$306.57".

31. Plaintiff asked Defendants for proof and/or validation of the alleged debt.

32. Plaintiff asked Defendants for proof and/or validation of the alleged debt since she did not understand what the balance of the alleged debt consists of.

33. Plaintiff asked Defendants for proof and/or validation of the alleged debt since Plaintiff does not remember owing a balance to T-MOBILE.

34. Plaintiff asked Defendants to see a copy of a bill or her contract in order to attempt to clear up her confusion regarding the allege debt.

35. Defendants responded by telling Plaintiff "It's your choice whether to pay or not".

36. Defendants responded by telling Plaintiff that it's "Your choice to believe us or not".

37. Defendants responded by telling Plaintiff "We are a debt collection company so we have nothing".

38. According to the Defendants' admissions, Defendants are incapable of providing proof and/or validation of the balance of the alleged debt.

39. According to the Defendants' admissions, Defendants are incapable of complying with a § 1692g request from Plaintiff.

40. Defendants falsely advised Plaintiff that "It's under your name and your address. That is confirmation of the debt."

41. According to Defendants, "We don't have proof".

42. Plaintiff asked Defendants where the balance of the alleged debt came from.

43. Defendants responded by telling Plaintiff "We don't know. T-MOBILE made the charges".

44. Defendants falsely asked Plaintiff "Why don't you prove to us that you don't owe it?"

45. Said statement by Defendants is false, deceptive and misleading because it is the Defendants obligation to verify and prove the debts it is attempting to collect, not the Plaintiff's obligation to prove that she does not owe money to the ENCORE ENTITIES.

46. Said statement by Defendants is false, deceptive and misleading because Plaintiff is asking for an explanation of the balance, which could only come from Defendants, and did not ask otherwise.

47. Plaintiff asked Defendants if they could prove/validate the alleged debt, Defendants falsely responded "Yes, it's under your name and your address."

48. Despite previously admitting that Defendants "don't have proof" and they "have nothing", Defendants falsely claimed that they could prove/validate the alleged debt.

49. Despite previously admitting that Defendants "don't have proof" and they "have nothing", Defendants continued its attempts to collect the alleged debt.

50. Despite previously admitting that Defendants are incapable of complying with a § 1692g request from Plaintiff, Defendants continued its attempts to collect the alleged debt.

51. On information and belief, the alleged debt is on Plaintiff's credit reports.

52. On information and belief, as a result of Defendants' incapability of complying with a § 1692g request from Plaintiff, Defendants are unable to verify and/or validate the credit and other information being reported about Plaintiff by Defendants to the credit reporting agencies.

53. On information and belief, if the alleged debt cannot be verified by Defendants, then it must be deleted and/or removed by Defendants and the credit reporting agencies.

53. As a result, the alleged debt should not be on Plaintiff's credit reports.

### FIRST CAUSE OF ACTION
### FAIR DEBT COLLECTION PRACTICES ACT

54. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "53" herein with the same force and effect as if the same were set forth at length herein.

55. Defendants' debt collection attempts attempted and/or directed towards the Plaintiff violate various provisions of the FDCPA, including but not limited to the following:

  a. <u>15 U.S.C. §1692e-preface, (2)(A), (5), (8), and (10)</u>.

  b. <u>15 U.S.C. §1692f-preface & (1)</u>.

  c. <u>15 U.S.C. §1692g</u>.

56. As a result of the Defendants' violations of the FDCPA, Plaintiff is entitled to damages in accordance with the FDCPA.

### SECOND CAUSE OF ACTION
### NEW YORK STATE GENERAL BUSINESS LAW §349

57. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "56" herein with the same force and effect as if the same were set forth at length herein.

58. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated New York State General Business Law § 349.

59. As a result of the Defendants' above violations of the New York General Business Law, the Plaintiff has been damaged and is entitled to damages in accordance with the New York General Business Law.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff NADEZDA ASHAEVA demands judgment from the Defendants ENCORE CAPITAL GROUP, INC. & MIDLAND CREDIT MANAGEMENT, INC. as follows:

A. For actual damages provided and pursuant to 15 U.S.C. §1692k;

B. For statutory damages of $1,000.00 provided and pursuant to 15 U.S.C. §1692k;

C. Damages pursuant to New York General Business Law § 349;

D. For attorneys' fees, costs and disbursements;

E. For an award of pre-judgment interest on all sums awarded and/or collected;

F. For any such other and further relief, as well as further costs, expenses and disbursements of this action, as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff NADEZDA ASHAEVA hereby respectfully requests a trial by jury for all claims and issues in her Complaint to which she is or may be entitled to at a jury trial.

Dated:      March 7, 2013

Respectfully submitted,

**LAW OFFICES OF ALLISON POLESKY, P.C.**

By: _____
Allison Polesky, Esq. (AP5446)
LAW OFFICES OF ALLISON POLESKY, P.C.
75 S. Broadway, 4th Fl.
White Plains, New York 10601
Phone:     914-610-3207
Facsimile: 914-610-3770
Email: apolesky@poleskylaw.com
Attorney for the Plaintiff NADEZDA ASHAEVA